## KAUFMAN HEXTER

### v.

## JOSEPH E. LOUGHRY ET AL.

ASSIGNEE TO PAY DEBTS—SUIT FOR DIVIDEND.—An assignee to pay debts
cannot be sued at law by a creditor to recover his proportionate part of the
proceeds of the estate until a dividend has been declared, and a refusal on
the part of the assignee to pay.

APPEAL from the County Court of Cook county; the Hon.
MASON B. LOOMIS, Judge, presiding.    Opinion filed May 25,
1880.

Mr. JACOB NEWMAN, for appellant; that only a court of
equity had jurisdiction to enforce execution of the trust, cited
1 Perry on Trusts, § 82; Hall v. Crane, 87 Ill. 282.

An assignee to pay debts cannot be sued at law: Bishop on Insolvent Debtors, § 343; 2 Perry on Trusts, § 594; Burrill on Assignments, § 491; Peck v. Randall, 1 Johns. 165; Case v. Roberts, Holt's N. P. 500; Fitch v. Workman, 9 Met. 517; Douglass v. Skinner, 44 Conn. 338; Terry v. Tubman, 92 U. S. 161; Pollard v. Bailey, 20 Wall. 520; Mills v. Scott, 8 Law Rep.; Low v. Buchanan, 1 Ill. Syn. Rep. 351.

Mr. L. W. Perce, for appellees; that the action can be maintained, cited Maxwell v. Longnecker, 82 Ill. 308; Belden v. Perkins, 78 Ill. 449; Taylor v. Taylor, 20 Ill. 650; Watson v. Wolverton, 41 Ill. 241; Prather v. Vineyard, 4 Gilm. 40; Walden v. Carr, 88 Ill. 49; Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194.

Wilson, J. This was an action of assumpsit brought by appellees against appellant for moneys had and received. The declaration contains the common counts only, to which there was a plea of the general issue. The case was submitted to the court for trial, without the intervention of a jury. The court rendered a judgment in favor of the plaintiff for $218.80, and the defendant brings the case here by appeal.

Emil Solomon, of Chicago, was indebted to Tiedman & Co., of St. Louis, in a considerable amount, and also to appellees, Loughry & Co., who were millers at Monticello, Indiana, in about the sum of $760; to appellant, Hexter, in the sum of $500; and to Jonathan B. Bailey in the sum of $600. In January, 1878, Tiedman & Co. sent an agent to Chicago to collect their claim, who, being about to take possession of all of Solomon's property, Hexter, Loughry, Bailey and Solomon had a meeting to devise some plan by which the claim of Tiedman & Co. could be compromised, and Solomon continued in business, and pay off the last named creditors from the proceeds of his outstanding accounts, which it was thought would be sufficient to satisfy them in full. The claim of Tiedman & Co. was compromised at $1,250, which amount was procured mainly upon the credit of appellant, and the claim was paid off. Thus far there is no disagreement as to the facts.

Appellees contend that it was further agreed that Hexter should take possession of and collect Solomon's accounts, and out of the proceeds retain enough to pay the $1,250 advanced by him, and distribute the remainder *pro rata* between appellees, Bailey and himself, in proportion to their respective demands against Solomon.

On the other hand, appellant denies that he was to have anything to do with the collection of the accounts, or to be in any way responsible therefor, but that Solomon was to collect the accounts, and out of the proceeds to pay first Hexter the $1,250 advanced to Tiedman & Company, and then the $550 due to Hexter, being for moneys loaned by Solomon to him; that the remainder of the proceeds Solomon was personally to pay over to Loughry & Co. and Bailey, on their claims.

In the view we take of the case, it is unnecessary to decide this disputed question of fact, since if it be conceded that the proof establishes the state of the case contended for by appellees rather than that claimed by appellant, we are of the opinion that a court of law has no jurisdiction of the subject matter of the suit. Appellee Loughry testifies that as fast as Solomon collected the accounts, he was to deposit them with Hexter, to be applied first to the extinction of the Tiedman claim, and after that to apply on the claims of Bailey, Hexter and Loughry & Co. Bailey swears, " Hexter received the accounts in trust, as I understood it. * * * Solomon was to collect the accounts, place them in Hexter's hands, who was to take up our notes " (referring to certain notes made by the parties as collateral to Hexter's note, upon which money was borrowed to pay off the claim of Tiedman & Co.); " balance of the money to be applied on Solomon's indebtedness to Loughry & Co., Hexter and myself, until settled." If this, as is claimed by appellees, was the agreement between the parties, it created a trust fund for the benefit of Loughry & Co., Hexter and Bailey, in respect to which Hexter occupied the position of trustee, and Loughry & Co., Hexter and Bailey, that of *cestuis que trust*. By receiving and holding the money in trust for the benefit of Solomon's creditors, Hexter became *pro hac vice*, the assignee of Solomon's estate to pay his debts according to the terms of

the trust, and it is quite immaterial whether Hexter personally collected the accounts or whether they were collected by Solomon, and the money by him paid over to Hexter. The money when received was vested in Hexter for the purposes of the trust.

We understand the general rule to be well settled, that an assignee to pay debts cannot be sued at law by a creditor to recover his proportionate part of the proceeds of the estate, until a dividend has been declared, and a refusal on the part of the assignee to pay. Bishop on Insolvent Debtors, § 343.

If the assignee neglect to execute the trust, or to account or make distribution, a creditor may proceed against him by suit to compel an account or distribution, and the appropriate remedy in such cases is by bill in equity. Burrill on Assignments, § 491, 3d Ed. In Jose v. Roberts, Holt, N. P. C. 500, Burroughs, J., says: "If money is paid into the hands of a trustee for a specific purpose, it cannot be recovered in an action for money had and received. If the plaintiff shows the specific purpose has been satisfied, that it has absorbed a certain sum only, and left a balance, such balance—the trust being closed —may be recovered at law. While the matter remains in account and is charged with the specific trust, the action for money had and received will not lie."

In a suit at law by a single creditor, it is impossible for the court to settle the claims of conflicting creditors, and adjust the respective amounts to be paid to each of them. If a dividend has been declared, and each creditor's share or dividend has been set apart by the assignee of the fund, the share thus set apart ceases to be a part of the trust fund, and becomes money in the hands of the assignee for the use of the creditor for whom it has been set apart, and which the assignee cannot in equity and good conscience retain; and the creditor may sue for it in an action at law. No conflicting claims in such case remain to be adjusted. No other creditor is interested in the dividend thus set apart. The only persons concerned are the assignee or trustee, and the creditor. Fitch v. Workman, 9 Metc. 517.

In the present case, three several creditors claim, in con-

flicting rights, an undivided share in the fund in proportion to their respective demands against Solomon, from whom the fund came, and by whom the trust was created.    The fund is still in Hexter's hands, subject to the specific purpose for which it was received by him.    Appellees are not the only persons interested in the fund; Hexter, Bailey and Solomon, also have an interest therein.    Hexter has not adjusted the respective amounts to be paid to each, nor could he do so without the concurrence of all.    If appellees can recover, Bailey can in turn sue Hexter for his *pro rata* share, and he would not be concluded by the finding of the court as to the amount due to him in the present suit to which he was not a party.    But the court was necessarily compelled to determine the amount due to Bailey in order to determine appellee's share of the funds in Hexter's hands.    The only remedy was by a bill in equity, in which the court could ascertain and settle the conflicting claims of all the beneficiaries of the fund, and distribute the same according to their respective rights.    As was said in Case v. Roberts, " The action for money had and received must not be turned into a bill in equity."