BERNARD C. CHAITMAN, Plaintiff-Appellee, *v.* ENM COMPANY, INC., Defendant-Appellant.

(No. 57989;

First District (5th Division)—October 5, 1973.

Roan, Grossman, Singer, Mauck, Kaplan & Lunding, of Chicago, (James E. Beckley and Jeffrey Jahns, of counsel,) for appellant.

Teller, Levit & Silvertrust, of Chicago, (Leo Feldman, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff as assignee for the benefit of creditors under a common law assignment for benefit of creditors filed suit for $7526.55 for merchandise ordered by and delivered to defendant. Defendant filed an answer denying the alleged transactions and denying that any sums were due as a consequence of the alleged transactions and also filed a counterclaim.

The counterclaim alleged that plaintiff's assignor owed defendant $28,146.75 for counselling services, $3919.98 for goods and services and $19,489.63 for monies paid by defendant on behalf of assignor on a guaranteed loan. On November 3, 1971, plaintiff filed a motion to dismiss the counterclaim. No hearing was held. On February 3, 1972, plaintiff

filed an amended complaint. Thereafter defendant requested leave to file an answer and amended counterclaim to plaintiff's amended complaint.

The record does not contain any transcript of the proceedings. Briefs were filed in the trial court regarding the sufficiency of the amended counterclaim.

On May 25, 1972, the following order was entered:

"Now comes the defendant herein and moves the Court for leave to file an amended answer and counter-claim and the Court being fully advised in the premises, denied said motion.

Now comes the plaintiff and moves the Court for summary judgment and the Court being fully advised in the premises, sustained said motion and thereupon it is ordered by the Court that judgment be and the same is hereby entered against defendant ENM COMPANY, INC., a Corporation, and assesses damages in the sum of SEVENTY FIVE HUNDRED TWENTY SIX AND 25/100 DOLLARS ($7526.25) in form as aforesaid assessed, together with the costs by the plaintiff herein expended and that execution issue therefor."

On June 20, 1972, the order of May 25 was modified and the following order was entered:

"1. That the Order of this Court of May 25, 1972, in the above-captioned matter be and is modified to read in its entirety as follows:

'Motion for leave to file Amended Answer and Counterclaim is hereby denied and Defendant takes nothing by way of counterclaim or set-off and goes hence without day. It is expressly found that there is no just reason for delaying appeal of this order.'

2. That Defendant is ordered to file an amended answer in fourteen days."

Defendant appealed from this order.

OPINION

■■ It is apparent from the record that the court denied defendant leave to file the amended answer and counterclaim because it agreed with plaintiff's (counter-defendant's) argument submitted in a memorandum to the court "that a creditor of an assignor who has assigned its assets to an assignee for the benefit of creditors can bring no legal action against the assignee." Reliance was placed on *Hexter v. Loughry*, 6 Ill. App. 362, which is also cited in this court. In *Hexter* creditors of an insolvent who had made an assignment for the benefit of creditors sued the assignee for the money due them. The form of action used was *assumpsit* (money had and received). The court held that an action of

assumpsit would not lie against the assignee until there had been a determination as to the pro rata share of the insolvent's estate each creditor was to receive, a dividend declared and a refusal to pay by the assignee. Rather, a bill in equity was the proper method of determining a creditor's pro rata share. In the case at bar defendant-counter-plaintiff does not seek a determination of its pro rata share of the insolvent estate but a set-off against the claim upon which the assignee initiated this lawsuit. As stated in *Willis v. Fidelity & Deposit Co.*, 345 Ill.App. 373, 381, 103 N.E.2d 513:

> "* * * The courts of most jurisdictions recognize and allow a debtor of an insolvent to set off a claim against the insolvent acquired prior to the insolvency proceeding upon the theory that where the right to set-off exists at such time, the insolvent's debtor equitably owes only the balance, if any, over and above the amount which the insolvent owes him, and that such balance is the only debt that passes to the receiver on his appointment."

See 6 C.J.S. *Assignment for benefit of creditors*, § 157, p. 1318 (1937). *Hexter* is inapposite and it is clear that the court erred in denying defendant's motion for leave to file an amended answer and counterclaim on that ground.

Plaintiff further argued in the trial court that Count 3 of the counterclaim was based on a claim that arose subsequent to the assignment; however, since this count did not state a date and plaintiff did not file any affidavit regarding the date, the court could not have considered this argument even if an oral motion to dismiss had been made.

Plaintiff has raised the additional contention here that defendant's counterclaim was couched in vague and general language and that the allegations are basically conclusions of the pleader. The record does not show that this contention was raised in the court below and therefore cannot be raised for the first time on appeal.

We make no determination of the sufficiency of the proposed amended counterclaim. (The motion to strike the original counterclaim was never acted on by the court.)

The judgment is reversed with directions for the entry of an order granting defendant's motion for leave to file an amended answer and counterclaim and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

ENGLISH and LORENZ, JJ., concur.